ALONZO HORTON, AS OVERSEER OF THE POOR OF THE TOWN OF HANOVER, RESPONDENT, *v.* ADNA P. PARSONS, APPELLANT.

*Evidence — when insufficient to establish an unlawful sale of spirituous liquors.*

Upon the trial of this action, brought to recover penalties for selling spirituous liquors without a license, it appeared that on each of the three different occasions, upon which it was claimed that the offense had been committed, one Knapp was by another person furnished with a half-pint bottle and twenty-five cents and requested to get some whisky; that Knapp went to the defendant's drug store, where the bottle was filled with whisky and taken away by him. No evidence was given as to what occurred in the store. The defendant was a practicing physician and surgeon and kept whisky in his store for the purpose of preparing and compounding medicines.

*Held,* that the evidence was not sufficient to sustain a verdict finding the defendant guilty of *selling* the whisky, and that the court erred in denying a motion for a nonsuit.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Chautauqua Circuit, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought to recover penalties for selling spirituous liquors without a license. The complaint charged the sale by the defendant of strong or spirituous liquors or wines without license in the town of Hanover, county of Chautauqua. The defendant by his answer denied such charge. The plaintiff recovered a verdict for $150.

*Julius A. Parsons,* for the appellant.

*W. S. Thrasher,* for the respondent.

BRADLEY, J.:

The question whether the original plaintiff had the right to institute the action, and the plaintiff on being substituted as such to continue it, have been contested in another action between the same parties and decided adversely to the defendants. (37 Hun, 42.)

The defendant's motion for a nonsuit was denied and an exception taken. And thus is presented the question whether the evidence was sufficient to support the verdict. The evidence justifies the conclusion that on each of three occasions one Knapp was, by another person, furnished with a half-pint bottle and twenty-five cents, and requested to get some whisky; that Knapp went to the defendant's drug store, where the bottle was filled with whisky and taken away by him; what occurred in the store, and the circumstances attending the transaction of obtaining the whisky does not appear by any evidence given on the trial. The question is whether the facts thus given support the charge upon which the right to recover depends. The action is brought under the statute which provides that " whoever shall sell any strong or spirituous liquors or wines in quantities less than five gallons at a time, without having a license therefor, granted as herein provided, shall forfeit fifty dollars for each offense." (Laws of 1857, chap. 628, § 13.) A sale is therefore requisite to the cause of action. While it may be assumed that the whisky was obtained from the defendant with his consent- it does not necessarily follow that it was sold by the latter or that it was obtained by purchase. The defendant was a practicing physician and surgeon, and the evidence tends to prove that he kept whisky and other liquors in his drug store " for the purpose of preparing and compounding medicines." This he had the right to do in a proper manner. And so far as relates to the cause and the purpose of this action, he was not charged with liability if he gave the whisky to Knapp on the occasions in question. The case presents the proposition whether, when an act may be done with or without violation of law, the latter is to be inferred in preference to innocence. The general rule is that illegality is not to be presumed, but, on the contrary, everything must be presumed to be legally done until the contrary is proved. (*Bennett* v. *Clough,* 1 Barn. & Ald., 460.)

The violation of law by the defendant must, therefore, depend upon proof and cannot rest in presumption. The sale and purchase did not require payment for the whisky to render it illegal, nor necessarily, upon any express promise, to pay for it. If the person who obtained the liquor had asked the defendant for it, and the latter, without qualification, had, upon such request, delivered it to

him, it might have been treated as a sale, because such a transaction ordinarily would produce an implied promise to pay. And for the purposes of an action the fact that the performance of the promise could not be enforced by reason of the invalidity of a sale, would not be important as matter of defense. And a gift will not usually be presumed. When a party keeps property for sale, the obtaining of it from him will furnish some evidence that it was obtained by purchase, and such, without explanation, would be the presumption, but it cannot be presumed that the defendant kept strong or spirituous liquor at his store for sale in violation of law, and proof is required to establish that he made the alleged sales or that the delivery was made with intent to sell the liquor. (*Commonwealth v. Packard*, 5 Gray, 101.)

The plaintiff's counsel contends that the inference was permitted by the circumstances, that the liquor was obtained by purchase, and that it is supported somewhat by the failure of the defendant to testify on the subject. There are cases where the omission of a party charged, to furnish the evidence under his control, may be taken against him as a circumstance, but that rule applies when there is sufficient evidence to justify the finding of the fact against him, and in such case his omission to produce evidence at his command to controvert it if not true, may be considered in support of such evidence and the fact which it tends to prove. There may and may not have been a sale, and to constitute it required an agreement, express or implied. Without the element of sale in the transaction, the act of the defendant in letting the person who obtained the liquor have it, was, in the legal sense and for the purposes of this action innocent, and the delivery of it to him consistent with innocence, and to give it the contrary effect, requires the presumption that the defendant intended to, and did, violate law when the act as proved may have been otherwise. A delivery unqualified by any explanation may, under ordinary circumstances, be evidence of sale. In this case it may be assumed that the liquor was received from some one in the defendant's store, but without any evidence other than that of inference, can it be presumed that the delivery was of such character and under circumstances which charged the defendant with the offense in question?

There is nothing here tending to prove that the defendant kept

liquor for sale, or that he had been in the habit of making any sales of it. The charge made by this action is penal, and the burden is with the plaintiff to establish by evidence the violation of law by the defendant. The mere fact that the liquor was obtained at his store, unsupported by any evidence other than inference that it was delivered by the defendant or some one in his service, does not satisfactorily establish the offense charged. The case is not that which would be presented if evidence had been given of the act of delivery without qualification of purpose.

Where inference alone is relied upon for the act of delivery and the circumstances attending it, the character of the act must, as evidence, be dependent upon presumption. There is nothing here of suspicious conduct apparently to conceal the act of furnishing liquor by the defendant which might characterize it and furnish evidence of guilt and liability. But the bare question is presented whether the fact that a party obtains spirituous liquor at a place where it is not lawful or customary to sell it, and without the aid of evidence of any attending circumstance, is fairly sufficient to justify the conclusion that the transaction is a sale, in support of an offense charged of violation of law and of liability for a penalty. It is difficult, and we do not now attempt to define any rule by which the sufficiency of evidence in such cases should be governed. A charge of violation of the statute may be supported by evidence of circumstances which indicate a purpose to evade it. And subterfuge will not, when exposed, be allowed to defeat the operation and enforcement of the statute.

We think a new trial in this case must be granted. The judgment and order should be reversed and a new trial granted, costs to abide the event.

Smith, P. J., and Barker, JJ., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.